WILLIAM STUCKEY, RESPONDENT, *v.* GEORGE MATHES, AS COMMITTEE OF THE PERSON AND ESTATE OF BARNEY MATHES, A LUNATIC, AND BARNEY MATHES, APPELLANTS.

*Marriage between a lunatic and a sane woman — not void but voidable — when its validity cannot be impeached collaterally in an action for the price of necessaries furnished to the wife.*

Where, in an action brought against the committee of a lunatic to recover for necessaries furnished to one claiming to be his wife, it appears that a marriage was duly solemnized between the lunatic and the woman, which was followed by cohabitation continuing down to the time of the appointment of the committee, when the woman was obliged to leave and live apart from him, the committee cannot set up as a defense that the marriage was void because the husband was at the time of its solemnization and ever since had been a lunatic, without lucid intervals.

APPEAL by the defendants from a judgment, entered in Orleans county upon the report of a referee. The action was brought against the committee of a lunatic to recover for board and necessaries furnished by one Lawrence to Rebecca Mathes, the wife

of the lunatic, the claim for which had been assigned to the plaintiff, and for board and necessaries furnished by the plaintiff to Rebecca in 1877. The accounts were presented to the committee and payment demanded and refused.

The County Court of Orleans county authorized this action to be brought against the committee, that court being the one which appointed the committee.

*Keeler & Salisbury*, for the appellants.

*John H. White*, for the respondent.

HARDIN, J. :

By the evidence given in this case it appears that Rebecca Stuckey, on the 25th day of February, 1877, intermarried with Barney Mathes. She continued to live and cohabit with him until some time in March, 1877, when, without any fault upon her part, she was obliged to seek board and the necessaries of life away and apart from him, he having become a lunatic, and a committee having been appointed of his person and estate.

The referee has found the items stated in the accounts referred to in the complaint were for necessaries suitable to the condition and station in life of the wife. There was abundant evidence given to support the findings.

The referee has found that there was no fraud or duress practiced by Rebecca, or any one in her behalf, to bring about her marriage. The evidence warranted such finding and we ought not to disturb the finding. (*Roosa* v. *Smith*, 17 Hun, 138; *Howell* v. *Biddlecom*, 62 Barb., 131.)

The Revised Statutes (vol. 2, p. 142) provide that a sentence of nullity declaring void a marriage contract may be pronounced by the court for several enumerated causes, and one of them is that one of the parties was an idiot or lunatic. The article in which this provision is found regulates the practice in such cases, and it also provides who may be parties to such a suit. Those provisions are wholly inconsistent with the mode of procedure adopted in this case. Here we have an action upon an account for necessaries furnished the wife, and it is sought to resist it upon the ground that

the marriage between her and her supposed husband was solemnized when he was a lunatic without lucid intervals. The reply is that he had a lucid interval, and while sane consummated the marriage contract and subsequently cohabited with her, and had sexual intercourse with her at different times prior to inquisition found. She is not a party to this action, nor is the action brought or conducted according to the provisions of the Revised Statutes to which we have alluded. Such a course was condemned in *Johnson* v. *Kincade* (2 Ire. Eq., 470), and the court said: "We do not feel at liberty to decide a question of such grave importance, as a thing collateral or incidental to an ordinary bill for an account." Bishop, in his work on marriage and divorce, says the course adopted by the court was "eminently wise and just." (1 Bishop, § 138.)

The question whether a marriage with a lunatic, duly solemnized, and followed by cohabitation is void or voidable was discussed by the *surrogate* of New York in *Jaques* v. *The Public Administrator* (1 Bradford's Surrogates' Rep., 499).

We have not seen a case in this State arising since the adoption of the Revised Statutes which declares that the marriage is void, absolutely, and that its invalidity may be asserted in a collateral way. We are unwilling to hold that the evidence in this case established that Rebecca was not the wife of Barney at the time the necessaries were furnished to her by the plaintiff and his assignor, or that such a question can be raised and litigated in such an action as the one before us.

That question has not been presented in this case for determination in the mode and according to the practice prescribed by the Revised Statutes in respect to "divorces on the ground of the nullity of the marriage contract." (2 Rev. Stat., 142.)

Applying the views already expressed to the case before us, we see no errors in the course of the trial which call upon us to reverse the judgment. (Sec. 1003 of Code of Civil Procedure.)

Judgment should be affirmed.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment affirmed.